LEAPAGA KESI, of Nu'uuli, Plaintiff

v.

PAEULI WESTBROOK, of Nu'uuli, Defendant

No. 239-1966

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Le Pine" in Nu'uuli]

February 6, 1967

Leapaga Kesi, *pro se.*
Paeuli Westbrook, Sgt. Brown, Counsel.

OPINION OF THE COURT

ROEL, *Associate Justice.*

On November 30, 1966 Plaintiff, Leapaga Kesi, filed his petition seeking to evict the Defendant from a certain palagi-type house situated on the land "Le Pine" in the village of Nu'uuli, claiming that the house is situated on the communal land of the Leapaga Family, and that the house itself belonged to the Leapaga Family based on an alleged agreement with one Reverend Anderson.

At the trial there was an admission on the part of the Defendant that the land where the house in question is situated is the communal land of the Leapaga Family.

Plaintiff testified that his claim to the house was based on the fact that the house was built by one Reverend Anderson while he, Leapaga, was away and that he understood there was an agreement to the effect that after five (5) years of living in said house the Reverend would move out and the house would remain as the communal property

of the Leapaga Family in lieu of rent for the use of the land. The Plaintiff insisted that being the matai of the Leapaga Family he had the pule over Leapaga communal land and that under the alleged agreement he was entitled to the control of the house after the Faifeau moved out. Plaintiff admitted he was in the United States for an extended period when the house was built. When asked if he could produce or prove the agreement to which he was referring, he answered in the negative.

The Defendant testified that she was a blood sister to Plaintiff Kesi and that she was a member of the Leapaga Family. She stated that she had been occupying the land in question for twenty (20) years, having been assigned that portion of the land to live on by her father, a previous holder of the Leapaga title. She further testified that she had paid to hire 10 men to clear the land from the bush and had since that time maintained plantations on said land.

The Defendant testified that she had built the house in question with the money earned by herself and her husband and that she had spent $3,000 to build said house, and that she had built this house because the previous house was not large enough to accommodate the eleven children born to her on said land.

The Defendant introduced into evidence two building permits, No. 4-1963 and No. 166-1963. The Defendant testified that the house in question was built upon the authority of Permit No. 166-1963. Said permit is dated October 18, 1963 and lists the owner of the house to be built as Mrs. Paeuli Westbrook and is signed by the Governor of American Samoa.

The Defendant testified that while the Plaintiff, the matai of the Family, was in the mainland for about two years, she secured permission to build the house from Laupua, whom she alleged was the last immediate holder of the

Leapaga title, and Isumu, who were acting as caretakers of Leapaga Family matters while Kesi was in the United States. Defendant further testified that because there were no churches near the Leapaga bush land, she invited Reverend Anderson to come and serve as pastor for the family living there on the land and allowed him and his family to live in the house; that the Palagi Faifeau had left the house in August, 1966. Paeuli also testified that Reverend Anderson had lent Kesi about $1,000 over a period of time and Kesi had never paid him back. She stated the Defendant, her husband and all their children have been living in the house in question since the Faifeau moved out.

After considering the testimony and the evidence, the Court is of the unanimous opinion that the house in question, where the Defendant and her family are living, is situated in the land called "Le Pine", said land being the communal land of the Leapaga Family.

It is further the unanimous opinion of the Court that the Defendant, Paeuli Westbrook has been occupying the land where the house is situated for a period of twenty years and that she was assigned the use of said land by her father when he held the Leapaga title. We are also of the opinion that the Defendant cleared that portion of Leapaga land from the bush, having paid for said clearing, and that she has continually had plantations on said land.

It is further the unanimous opinion of the Court that the house in question was built with the money and the joint efforts of the Defendant and her husband, and that said house is the individually owned house of the Defendant and her husband.

The Court reiterates the principle that the matai of the family has the "pule" over the family communal lands. We find that in the present case the land where the house in question was situated had been assigned by a previous

751

matai and that the Defendant has a right to the occupancy of said land.

 ██ The Court is also of the opinion that a member of a matai family should be charged with the Samoan customs and tradition of serving the matai of the family in the Samoan way. Whereas we are convinced that the Defendant failed to serve the Plaintiff as matai for the last few months because of pending litigation, the Court feels that the Defendant should now render the traditional service to the Plaintiff while he remains the matai of the family.

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED that the Plaintiff's petition for eviction be, and the same is hereby denied and dismissed.

Court costs in the sum of $12.50 are to be paid by Plaintiff Kesi Leapaga within 30 days.

Done this 6th day of February, 1967.